## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KENYA WATKINS,             )
)
          Plaintiff,     )
)       **CIVIL ACTION**
v.                )
)       **No. 22-2273-KHV**
GENESH, INC. d/b/a BURGER KING,   )
)
          Defendant.    )
)

## MEMORANDUM AND ORDER

On July 14, 2022, Kenya Watkins filed suit against Genesh, Inc., d/b/a Burger King, alleging that defendant subjected her to a hostile work environment, discriminated against her based on sex and terminated her employment in retaliation for complaints of sex discrimination in violation of 42 U.S.C. § 1981 (Count I),[1] the Kansas Acts Against Discrimination ("KAAD"), Kan. Stat. Ann. § 44-1001 et seq. (Count II) and Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e et seq. (Counts III and IV). See Complaint (Doc. #1). This matter is before the Court on Defendant's Motion To Dismiss Watkins' Complaint (Doc. #14) filed October 27, 2023. For reasons set forth below, the Court sustains defendant's motion.

### Factual Background

Plaintiff's complaint alleges as follows:

Plaintiff is an African American female. Between August 14, 2014 and August 23, 2015, defendant, a Burger King franchisee, employed plaintiff as a cashier and crew member. Michael Jackson worked as General Manager of the location and acted as plaintiff's supervisor.[2]

---

[1] In Plaintiff's Response To Defendant's Motion To Dismiss (Doc. #28) filed January 17, 2024, plaintiff voluntarily dismissed her claims under 42 U.S.C. § 1981.

[2] Plaintiff's complaint does not allege Jackson's race.

Throughout plaintiff's employment, Jackson (1) assigned plaintiff various tasks and responsibilities that put her in close proximity to him; (2) propositioned plaintiff for sex and requested that she come to his house to have sex; (3) worked without a belt on and his pants sagging; (4) touched his penis and asked plaintiff when he was "going to get some;" (5) told plaintiff that she made him "so horny;" (6) attempted to touch plaintiff's vagina and placed his hands in her pants; (7) pretended to have sex with plaintiff while she worked the drive-thru window; and (8) informed plaintiff that he would not promote her to a managerial position unless she had sex with him.  Complaint (Doc. #1) at 10–11.  Plaintiff refused each of Jackson's advances and requests.

At work on July 26, 2015, Jackson tried to force plaintiff to have sex with him.  In response, plaintiff called 911.  The next day, July 27, 2015, Jackson again attempted to have sex with plaintiff by forcing her into the back-room freezer.  Plaintiff did not report that incident to the police but that same day, she complained to the Burger King corporate office, both verbally and in writing, that Jackson had sexually harassed her and subjected her to a hostile work environment.  On July 28, 2015, plaintiff met with a corporate representative who advised her that the corporate office planned to replace Jackson as General Manager.

Following plaintiff's complaints to corporate and her 911 call, defendant decreased the number of hours that plaintiff typically worked.  On August 22, 2015, plaintiff worked her shift as scheduled.  On August 23, 2015, she called defendant and requested her schedule for the upcoming week.  Defendant informed plaintiff that she was scheduled to work that day.   That same day, defendant terminated her employment on the grounds that she failed to show up for her scheduled shift.

Over three years later, in December of 2018, defendant contacted plaintiff's then-employer, informing it that it should not have hired plaintiff because she previously filed complaints of discrimination and harassment.

## Procedural History

On July 22, 2019, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), No. 563-2019-02638.[3] See Exhibit A.  The five-page charge, which her attorney prepared, alleged discrimination between August 14, 2014 and December 27, 2018, on the basis of race, color and sex, and retaliation for protected activity.  Specifically, plaintiff complained that defendant subjected her and other women to acts of discrimination, harassment, a hostile work environment and retaliation due to (among other things) gender, race, color, national origin and complaints of sexual harassment.  Plaintiff also complained that defendant subjected her and others to a hostile work environment, and retaliated because she openly opposed acts and practices forbidden by the KAAD and Title VII.  Plaintiff alleged that Jackson began sexually harassing her around September of 2014, and defendant terminated her

---

[3]     Plaintiff did not attach to her complaint copies of the Charges of Discrimination that she filed with the EEOC, or copies of the notices of her right to sue.  Nevertheless, because the complaint refers to these documents which are central to plaintiff's claim, and defendant appropriately submitted indisputably authentic copies of them, the Court considers them on defendant's motion to dismiss.  See GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997).

Further, the Court may take judicial notice of the EEOC documents because they are administrative documents.  See Golden v. Mgmt. & Training Corp., 319 F. Supp. 3d 358, 366 n.2 (D.D.C. 2018) ("In employment discrimination cases, courts often take judicial notice of EEOC charges and EEOC decisions."); Lunardini v. Mass. Mut. Life Ins. Co., 696 F. Supp. 2d. 149, 157 n.6 (D. Conn. 2010) ("Where a plaintiff alleges in the complaint that charges of discrimination have been filed with the. . . EEOC, those charges themselves may be considered either as matters referenced in the complaint or as public records subject to judicial notice." (internal quotations omitted)).  Accordingly, the Court takes judicial notice of these documents and attaches them hereto as Exhibits A, B, C and D.

employment on August 23, 2015.  Plaintiff complained that more recently, in December of 2018, defendant contacted her current employer, Church's Chicken, and communicated derogatory remarks about her, her drug use and the fact that she had filed a sexual harassment claim.

Plaintiff alleges that in April of 2020, due to the COVID-19 pandemic, the EEOC stopped issuing right-to-sue letters, unless specifically requested by the claimant.  See Plaintiff's Reply To Defendant's Motion In Opposition To Plaintiff's Motion For Leave To File Her Amended Complaint at 3, Watkins v. Genesh, Inc., d/b/a Burger King, No. 19-CV-02486-JAR-GEB (D. Kan. July 27, 2020), ECF Doc. 31.  Plaintiff apparently requested a letter, because on July 12, 2021, the EEOC sent plaintiff a "Notice of Right to Sue (Issued on Request)."  See Exhibit B.  The notice stated that based on EEOC Charge No. 563-2019-02638, the EEOC was issuing the notice under Title VII at plaintiff's request.  It also advised plaintiff that any lawsuit under Title VII must be filed in federal or state court within 90 days of receipt of the notice, or her right to sue based on that charge would be lost.

## Analysis

Plaintiff did not file this lawsuit within 90 days of receiving notice of her right to sue. Defendant therefore seeks to dismiss this lawsuit under 42 U.S.C. §§ 2000e–5(e)–(f).[4]

The EEOC charging process serves two main purposes: (1) "to give notice of the alleged violation to the charged party" and (2) "to give the EEOC an opportunity to conciliate the claim, which effectuates Title VII's goal of securing voluntary compliance."  Smith v. Cheyenne Ret.

---

[4]     In addition, defendant argues that plaintiff's complaint asserts identical factual allegations as plaintiff's first suit against defendant, Watkins v. Genesh, Inc., d/b/a Burger King, No. 19-CV-02486-JAR-GEB (D. Kan.), and therefore the doctrine of res judicata bars plaintiff's claims.  Because the Court finds that plaintiff's suit is time-barred, it does not address defendant's arguments of res judicata.

Invs. L.P., 904 F.3d 1159, 1164 (10th Cir. 2018) (quotation marks and citation omitted).  To advance these purposes, the EEOC notifies the claimant that she has a right to sue, and that suit is then limited in scope to the charging document.  Id.  Courts are to liberally construe the claims set forth in an EEOC charge.  Id.

Once the claimant receives notice of her right to sue, Title VII requires her to file suit within 90 days. 42 U.S.C. § 2000e–5(f)(1); see also Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch., 465 F.3d 1184, 1186 (10th Cir. 2006).  If the claimant does not file suit within this 90-day period, "the lapsed claims are not revived by including them in a second EEOC charge and restarting the process."  Brown, 465 F.3d at 1186.

In response to defendant's argument that her suit is time-barred, plaintiff argues that (1) Charge No. 563-2019-02638 only sought relief based on conduct which occurred in December of 2018; (2) even though Charge No. 563-2019-02638 contained comprehensive allegations of discrimination and retaliation from August 14, 2014 through August 23, 2015, those allegations were merely "background" for her complaint of retaliation in December of 2018; and (3) on receipt of the right-to-sue letter, plaintiff simply "chose not to file a lawsuit against Defendant based on her allegations from December 2018."  Plaintiff's Response To Defendant's Motion To Dismiss (Doc. #28) at 5–6, filed January 17, 2024.  This reasoning is specious.

As noted, plaintiff did not file suit within 90 days of receiving the right-to-sue letter associated with Charge No. 563-2019-02638.  Instead, on July 14, 2022, nearly a year after she received the notice, plaintiff filed this action.  Plaintiff's argument cannot be supported by any reasonable reading of Charge No. 563-2019-02638.  Moreover, even if plaintiff did not want to file suit in regard to the events of December of 2018, she could have sued to challenge the conduct

which occurred from September of 2014 to August of 2015, and simply omitted the 2018 events
from her lawsuit.

To avoid this result, plaintiff cites a second right-to-sue-letter which the EEOC issued on
April 26, 2022 based on a different charge, Charge No. 28D-2016-00190.[5]  In Charge No. 28D-

---

[5]        The parties have larded the record with offhand and conflicting representations to
the effect that on September 5, 2019, the EEOC issued a third right-to-sue letter, in regard to
Charge No. 563-2019-02638 (which underlies this lawsuit), and then rescinded that letter on
September 18, 2019.  According to plaintiff, the rescission occurred because plaintiff had a lawsuit
pending in front of the Honorable Julie A. Robinson, which sought relief under 42 U.S.C. § 1981
for the same claims of sex and race discrimination and retaliation.  See generally Watkins v.
Genesh, Inc., d/b/a Burger King, No. 19-CV-02486-JAR-GEB (D. Kan.).  Because a court can
take judicial notice of its own decisions and records of prior cases, the Court takes judicial notice
of the District of Kansas lawsuit, Case No. No. 19-CV-02486-JAR-GEB.  See Hutchinson v. Hahn,
402 F. App'x 391, 394–95 (10th Cir. 2010).

Defendant claims that the EEOC rescinded the right-to-sue letter "upon the realization that
this action [before Judge Robinson] was not filed as a Title VII claim, but rather a § 1981 claim."
See Defendant's Memorandum In Opposition To Plaintiff's Motion For Leave To File First
Amended Complaint And Dismiss Defendant's Motion To Dismiss As Moot (Doc. #27 filed in D.
Kan. No. 19-CV-02486-JAR) at 3.  On June 15, 2020, plaintiff represented to Judge Robinson that
a right-to-sue letter had been granted and then rescinded by the EEOC and, as a result, plaintiff
had been unable to file Title VII claims in her Section 1981 case.  See Plaintiff's Motion For Leave
To File First Amended Complaint And Dismiss Defendant's Motion To Dismiss As Moot (Doc.
#24 filed in D. Kan. No. 19-CV-02486-JAR) at 2.

The significance of the alleged rescission is totally unclear.  In granting plaintiff leave to
amend her complaint in Judge Robinson's case on October 9, 2020, Magistrate Judge Gwynne E.
Birzer noted as follows:

> The Court notes both parties allude to a rescinded right to sue letter, but neither
> party provides a copy of the notice, or fully illuminates the importance of this
> information in support of its current position. (See Motion, ECF No. 24 at 2; Def.'s
> Response, ECF No. 27 at 3).  Frankly, it is altogether unclear why the notice was
> rescinded and how this relates to Plaintiff's § 1981 claim or her request to amend.
> Although the Court tends to agree with Defendant the rescinded notice does not
> necessarily support Plaintiff's request for amendment on her § 1981 claim (see
> Resp., ECF No. 27 at 3); this is not fatal to Plaintiff's request.

See Memorandum And Order (Doc. #34 filed in D. Kan. No. 19-CV-02486-JAR) at 8–9.  To
further confound matters, defendant now claims that its and plaintiff's representation that the
(continued. . .)

2016-00190, plaintiff alleged discrimination based on race, color, sex, national origin and ancestry, and retaliation.  See Exhibit C.  She specifically complained that defendant terminated her employment on August 23, 2015, and that the discrimination was continuing in nature throughout her employment from August 14, 2014 to August 23, 2015.

On April 26, 2022, the EEOC dismissed Charge No. 28D-2016-00190 and notified plaintiff of her right to sue within 90 days of receipt of the letter.  See Exhibit D.  Plaintiff argues that she filed this lawsuit within 90 days of that notice and that her complaint specifically invokes Charge No. 28D-2016-00190 and attaches a copy of the right-to sue-letter dated April 26, 2022.

Plaintiff cannot resurrect an expired right of action by restarting the litigation process based on a different EEOC charge.  Even though plaintiff references the more recent letter in her complaint, the charges are substantively identical to those listed in Charge No. 563-2019-02638.  Whether this action is time-barred must be determined by reference to the first notice of right to sue which plaintiff received, dated July 12, 2021.  See Soso Liang Lo v. Pan Am. World Airways, Inc., 787 F.2d 827, 828 (2d Cir. 1986) ("[W]hether the present action is time barred must be determined with reference to only the first Notice of Right to Sue.  Otherwise, the time limitations of 42 U.S.C. § 2000e–5(f)(1) would be meaningless, because potential Title VII plaintiffs could

---

<sup>5</sup> (. . .continued)
EEOC rescinded the right-to-sue letter "was not true."  Defendant's current claim is that "no rescission of the right to sue letter occurred.  Because she cannot, plaintiff offers no evidence to establish that it did."  See Defendant's Reply To Plaintiff's Response To Motion To Dismiss Complaint (Doc. #29) filed January 31, 2024 at 2.

This Court shares Judge Birzer's bewilderment about whether the EEOC issued and rescinded a right-to-suit letter dated September 5, 2019 and, if so, why it is relevant to this motion, or even this case.  Because the parties belabor and contradict each other on this issue, the Court merely notes the inadequacy of their briefing, and entirely disregards the purported rescission.

evade those requirements simply by seeking additional Notices of Right to Sue whenever they pleased.").

Accordingly, because plaintiff did not file this suit within 90 days of receiving her first right-to-sue letter, this suit is time-barred.  The Court sustains defendant's motion to dismiss plaintiff's complaint.

**IT IS THEREFORE ORDERED** that Defendant's Motion To Dismiss Watkins' Complaint (Doc. #14) filed October 27, 2023 is **SUSTAINED.**

Dated this 9th day of February, 2024 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge